UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-62790-CIV-ZLOCH

SCOTT G. SAVEDOW,

    Plaintiff,

vs.                                  **FINAL ORDER OF DISMISSAL**

TARGET CORP.,

    Defendant.
_____/

    THIS MATTER is before the Court sua sponte. The Court has carefully reviewed the entire court file herein and is otherwise fully advised in the premises.

    The Court's jurisdiction in this matter is premised upon diversity jurisdiction, pursuant to 28 U.S.C. § 1332(d). That Section of the United States Code provides that where a complaint is founded on diversity of citizenship, a federal court may maintain jurisdiction over the action only where "the matter in controversy exceeds the sum or value of $5,000,000.00, exclusive of interest and costs, and is a class action in which (a) any member of a class of plaintiffs is a citizen of a State different from any defendant."  28 U.S.C. § 1332(d)(2)(A). The dictates of § 1332 moor federal courts to the jurisdictional limits prescribed by Article III, Section 2 of the Constitution. In Healy v. Ratta, 292 U.S. 263, 270 (1934), Justice Stone noted that "[d]ue regard for the rightful independence of state governments, which should actuate federal courts, requires that [federal courts] scrupulously confine their own jurisdiction to the precise limits which the statute has defined." Id.

These limits stem from the fact that federal courts are courts of limited jurisdiction. The presumption, in fact, is that a federal court lacks jurisdiction in a particular case until the parties demonstrate that jurisdiction over the subject matter exists. United States v. Rojas, 429 F.3d 1317, 1320 (11th Cir. 2005), citing Turner v. Bank of N. Am., 4 U.S. (4 Dall.) 8, 10 (1799). Therefore, the facts establishing the existence of jurisdiction must be affirmatively alleged in the complaint. Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994); see 13B Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction 2d, § 3602 (1984).

A review of the Class Action Complaint (DE 1) reveals that the requisite diversity of citizenship between Plaintiff and Defendant is not apparent on its face. The Class Action Complaint states, in pertinent part:

> 6. Plaintiff Scott G. Savedow resides in Broward County, Florida. Plaintiff used his Visa Debit Card issued by Brightstar Credit Union on multiple occasions at a [sic] Target stores located in Sunrise, Florida and Lauderdhill, Florida between November 29, 2013, and December 9, 2013. Plaintiff first learned that his Personal Information had been compromised by the Data Breach when he received a call in mid-December 2013 that his debit card had been used in Colorado. As a result of the Data Breach, Plaintiff's Personal Information was stolen, he directly suffered from identity theft and fraud, and is exposed to future and likely ongoing fraud as well.
>
> 7. Target is a Minnesota Corporation with its principle place of business at 1000 Nicollet Mall, Minneapolis, Minnesota 55403.
>
> 8. The Court has subject matter jurisdiction over this class action pursuant to 28 U.S.C. § 1332(d), because the Plaintiff and the other Class members are of diverse citizenship from one or more Defendants; there are more

2

>than 100 Class members nationwide; and the aggregate amount in controversy exceeds five million dollars ($5,000,000.00), excluding interest and costs.

DE 1, ¶¶ 6-8.

The Court notes that residency is not the equivalent of citizenship for diversity purposes. See Appleton, 30 F.3d at 1367 ("Citizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person."); see also 13B Wright & Miller, supra § 3611.  Additionally, "[c]itizenship of the members of the proposed plaintiff classes shall be determined for purposed of [28 U.S.C. § 1332(d)(2)-(6)] as of the date of filing of the complaint, or, if the case stated by the initial pleading is not subject to Federal jurisdiction, as of the date of service by plaintiffs of an amended pleading, motion, or other paper, indicating the existence of Federal jurisdiction." 28 U.S.C. § 1332(d)(7) (emphasis added).  Despite Plaintiff's general assertion that "the Plaintiff and other Class members are of diverse citizenship from one or more Defendants," (DE 1, ¶ 8), Plaintiffs' allegations of residency do not cure the insufficiency of the Class Action Complaint (DE 1).

Additionally, Plaintiff seeks Class Certification pursuant to Federal Rule of Civil Procedure 23(a).  DE 1, ¶ A.  It is well-settled that "[i]n a class action under Rule 23(a), diversity is determined by the citizenship only of the named representatives."

Calagaz v. Calhoon, 309 F.2d 248, 253 (5th Cir. 1962);[1] see also, Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1288 (11th Cir. 1998) (internal citations omitted).  The Court notes that Plaintiff has failed to allege his citizenship and to name any additional potential class representatives.  Thus, the Complaint's failure to establish the diversity requirements necessary for this Court to exercise jurisdiction means that this case must be dismissed.

This case is easily distinguishable from the case of a Defendant who removes an action from state court on the basis of diversity jurisdiction, and the notice of removal fails to set forth the Court's jurisdiction properly.  In those instances, the Eleventh Circuit has held that such pleading requirements are procedural and not jurisdictionally significant and that the removing party must have an opportunity to cure the defect.  Corp. Management Advisors, Inc. v. Artjen Complexus, 561 F.3d 1294, 1296-97 (11th Cir. 2009).  The interplay of the removal rules in 28 U.S.C. §§ 1441, 1447 and their nuanced distinctions on the limits of and procedures for removal permit such a conclusion.

The same cannot be said of § 1332.  It is as straightforward as can be and is grounded in Article III of the Constitution.  No Court has read into the Constitution or § 1332 a procedural mechanism for establishing diversity jurisdiction.  Appleton, 30 F.3d at 1367 (noting with approval, the district court's refusal to

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1980.

exercise jurisdiction over a case where diversity was not properly pled).  It would, to say the least, be a judicially crafted rule, one that could not be reconciled with the long and established tradition of federal courts being courts of limited jurisdiction.  See id.

In dismissing the above-styled cause due to Plaintiff's failure to satisfy the requirements of federal jurisdiction, the Court echoes the sentiment of the United States Court of Appeals for the Seventh Circuit:

> Are we being fusspots and nitpickers in trying (so far with limited success) to enforce rules designed to ensure that federal courts do not exceed the limits that the Constitution and federal statutes impose on their jurisdiction?  Does it really matter if federal courts decide on the merits cases that they are not actually authorized to decide?  The sky will not fall if federal courts occasionally stray outside the proper bounds.  But the fact that limits on subject-matter jurisdiction are not waivable or forfeitable - that federal courts are required to police their jurisdiction - imposes a duty of care that we are not at liberty to shirk.  And since we are not investigative bodies, we need and must assure compliance with procedures designed to compel parties to federal litigation to assist us in keeping within bounds.  Hence [it is] . . . the responsibility of lawyers who practice in the federal courts, even if only occasionally, to familiarize themselves with the principles of federal jurisdiction.

Smoot v. Mazda Motors of Am., Inc., 469 F.3d 675, 678 (7th Cir. 2006).

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** as follows:

1.  The above-styled cause be and the same is hereby **DISMISSED** without prejudice in that the Court lacks subject matter jurisdiction over the same; and

5

2.   To the extent not otherwise disposed of herein, all pending Motions are hereby **DENIED** as moot.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this   2nd    day of January, 2014.

                                          WILLIAM J. ZLOCH
                                        United States District Judge

Copies furnished:

All Counsel of Record